The Honorable Helen B. Gienau Supervisor of Elections Polk County Post Office Box 1460 Bartow, Florida 33830-1460
Dear Ms. Gienau:
You ask the following question:
 Are the provisions of Part I, Ch. 287, F.S., relating to competitive bidding, applicable to a supervisor of elections?
In sum, I am of the opinion that:
 The provisions of Part I, Ch. 287, F.S., with the exception of s. 287.055, F.S., the Consultants' Competitive Negotiation Act, do not apply to a supervisor of elections.
You state that you are aware of AGO 84-24 in which this office stated that ss. 287.001-287.052, F.S., the State Purchasing Law, were not applicable to local constitutional officers such as the supervisor of elections. However, you state that your auditor has informed you that "inasmuch as the county processes bids for [the supervisor of elections] and pays [the supervisor's] accounts," you, as supervisor of elections, do not come under the opinion.
Section 287.012(1), F.S., defines "Agency" for purposes of Part I, Ch. 287, F.S., with the exception of s. 287.055, F.S.,[1] as
 any of the various state officers, departments, boards, commissions, divisions, bureaus, and councils and any other unit of organization, however designated, of the executive branch of state government. (e.s.)
Part I, Ch. 287, F.S., was brought into the statutes by s. 22, Ch. 69-106, Laws of Florida. As indicated by its title, Ch. 69-106 is an act relating to the executive branch of government. Its purpose was to restructure the executive branch of government and to consolidate and reorganize existing state agencies pursuant to the mandate of s. 6, Art. IV, State Const.[2]
This office has previously stated that "the agencies covered by the state purchasing laws are those agencies within the executive branch of state government. To be subject to the purchasing requirements of Ch. 287, F.S., an entity would have to be assigned within the executive branch of government by Ch. 20, F.S. . . . or a later enactment."[3] (e.s.)
A supervisor of elections is a county constitutional officer.[4]
The supervisor of elections as a county officer is not a state agency and thus is not subject to the competitive bidding requirements contained in Part I of Ch. 287 (except s. 287.055, F.S.).[5] While s. 287.042, F.S., authorizes a county, municipality, or other local public agency, to utilize the state purchasing agreements,[6] such local governmental entities are not required to comply with the provisions of Part I. I am not aware of any statutory provision which requires the supervisor of elections, or any other county officer, to submit to competitive bidding in purchasing materials, equipment, and supplies.
While your letter states that the county processes bids for you and pays your accounts, such actions by the county do not make you (or the county) a state agency for purposes of Part I, Ch. 287, F.S. Accordingly, I am of the opinion that the conclusions reached in AGO 84-24 are applicable to you, as supervisor of elections.
Counties may now provide by ordinance the procedures to be used in that county for purchasing commodities or may deal with each purchase or contract on an individual basis, with or without competitive bidding, as may best serve the public interest.[7]
However, supervisors of elections are statutorily guaranteed their independence from the counties in making purchases. Section129.202(2), F.S., provides:
 The independence of the supervisor of elections shall be preserved concerning the purchase of supplies and equipment; the selection of personnel. . . .[8]
In AGO 78-122, this office considered that similar language contained in s. 30.53, F.S., providing for the sheriffs' independence. This office stated that to require the sheriff to submit his needs to the board of county commissioners for competitive bids "would effectively take away his purchasing power and place it back in the board of county commissioners." Thus, this office concluded that the sheriffs were not required to take competitive bids in purchasing goods, supplies and equipment.[9]
The independence of the supervisor of elections to make his own purchases for his office is also statutorily guaranteed. I am, therefore, of the opinion that the provisions of Part I, Ch. 287, F.S. (except s. 287.055, F.S.), are not applicable to the supervisor of elections.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 287.055, F.S., the Consultants' Competitive Negotiation Act, defines "Agency" for purposes of that statute as the state or state agency, municipality, or political subdivision, a school district or a school board. The act sets forth the procedures to be followed for the acquisition of professional architectural, engineering, landscape architectural, or landsurveying services.
[2] Attorney General Opinion 76-185.
[3] See, AGO's 76-202 and 76-185.
[4] Section 1(d), Art. VIII, State Const., provides in part:
 COUNTY OFFICERS. There shall be elected by the electors of each county, for terms of four years, a sheriff, a tax collector, a property appraiser, a supervisor of elections, and a clerk of the circuit court. . . .
[5] Attorney General Opinion 84-24 (ss. 287.001-287.052, F.S., do not apply to the supervisor of elections); AGO 78-122 (sheriff not subject to competitive bid requirements contained in State Purchasing Laws). And see, AGO's 78-19 (Broward County Housing Authority not a state agency within purview of State Purchasing Laws); 77-140 (municipality not a state agency for purposes of Part I, Ch. 287, F.S.); 77-22 (special district not a state agency for purposes of Part I, Ch. 287, supra).
[6] See, s. 287.042(2)(a), F.S., as amended by s. 7, Ch. 88-384, Laws of Florida.
[7] Attorney General Opinions 78-122 and 71-366. A statute which formerly required counties to competitively bid when purchasing goods, supplies or materials (s. 125.08, F.S. 1969), was repealed by Ch. 71-14, Laws of Florida, amending s. 125.01, F.S. to implement the home rule provisions of s. 1, Art. VIII, State Const. 
[8] See generally, s. 219.201, F.S.
[9] Attorney General Opinion 78-122 also concluded that sheriffs may, but are not required to, utilize a system of competitive bidding when purchasing goods, supplies, and equipment for their offices.